**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| TODD BLACKBURN, and <br> SAMANTHA BLACKBURN, <br><br> Plaintiffs, <br><br> vs. <br><br> BAC HOME LOANS SERVICING, LP, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) <br> ) FILE NO. 4:11-CV-00039 <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' FIRST AMENDMENT TO COMPLAINT

COME NOW Plaintiffs and amend their original Complaint in order to include BAC Home Loans Servicing, LP as a Defendant in this case. The originally named Defendant, Bank of America Corporation, is a holding company, with BAC Home Loans Servicing, LP as a related entity to Bank of America Corporation. The proper party to this action should be BAC Home Loans Servicing, LP as the servicer of the Plaintiffs' loan at the time of the events alleged in the Complaint. The case caption should be amended and changed to substitute this Defendant in the place of Bank of America Corporation.[1]

Therefore, Plaintiffs file their following First Amended Complaint as follows, solely for the purpose of adding BAC Home Loans Servicing, LP as Defendant and substituting this Defendant in the allegations contained in the Complaint in the place of Bank of America Corporation:

---

[1] Plaintiffs amend their Complaint pursuant to Fed. R. Civ. P. 15(a)(2), as counsel for Bank of America Corporation and BAC Home Loans Servicing, LP have given written consent to the above amendment.

**FIRST AMENDED COMPLAINT**

JURISDICTION AND VENUE

1.

The Plaintiffs are residents of Phenix City, Alabama.

2.

BAC Home Loans Servicing, LP is a foreign entity doing business in Columbus, Muscogee County, Georgia with its registered agent being CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

3.

Jurisdiction is proper under 28 USC § 1332 in that there is diversity of citizenship.

4.

Jurisdiction is also proper under 28 USC § 1331 in that one of the counts herein involves a federal question.

5.

Venue is proper under 28 USC § 1391 (a)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district including, but not limited to, events which occurred at the Bank of America branch office located at 1635 S. Lumpkin Road, Columbus, Muscogee County, Georgia 31903.

6.

Venue is also proper in this district under 28 USC § 1391 (b)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

7.

The amount in controversy exceeds $75,000.00.

OPERATIVE FACTS

8.

On March 31, 2006, the Plaintiffs executed a mortgage conveying a security interest in their home at 61 Redwood Drive, Phenix City, Alabama 36869 to Taylor, Bean and Whitaker Mortgage Corporation (TB&W).

9.

On the same date, Todd Blackburn executed a note to TB&W for $162,418.00 at an interest rate of 5.5% with the last payment due on April 1, 2036.

10.

Shortly thereafter, Todd Blackburn, an active duty member of the United States Army, stationed at Ft. Benning, Georgia, set up an allotment at the Finance Office at Ft. Benning to have his monthly mortgage payment automatically deducted from his U.S. Army paycheck and sent directly to TB&W.

11.

Plaintiff's monthly payments were always timely paid to TB&W through his military allotment and there were no problems encountered with TB&W.

12.

By letter dated August 23, 2009, Todd Blackburn was informed that effective September 1, 2009, the servicing of his loan was being assigned to BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.  Attached as Exhibit 1 is a copy of that letter.

13.

By the time Plaintiffs received the letter dated August 23, 2009, it was too late to change the allotment for that month from TB&W to BAC Home Loans Servicing, LP.

14.

At the time of the assignment from TB&W to BAC Home Loans Servicing, LP on September 1, 2009, Plaintiffs' payments were and always had been 100% current with TB&W. Plaintiffs have not missed one loan payment since the beginning of their home loan.

15.

Beginning with a letter from BAC Home Loans Servicing, LP dated September 9, 2009 and continuing through the present, BAC Home Loans Servicing, LP has consistently sent notices to Todd Blackburn that he is delinquent on his home loan when he is not delinquent. Attached as Exhibit 2 are some of these letters – sometimes Plaintiffs received two of the same letters on the same day.

16.

Beginning on September 16, 2009 and continuing through the present, Todd Blackburn has been receiving from BAC Home Loans Servicing, LP "Notices of Intent to Accelerate" and threatening foreclosure. Attached as Exhibit 3 are some of these letters.

17.

Also, on each monthly statement received by Plaintiffs from BAC Home Loans Servicing, LP from the very first one and continuing through the last statement received prior to the filing of this Complaint, BAC Home Loans Servicing, LP claims Todd

Blackburn's loan is in default by two payments. Attached hereto as Exhibit 4 is the monthly statement dated March 30, 2011.

18.

In an effort to convince Defendant that they were not delinquent on their loan, Samantha Blackburn went to Army Finance at Ft. Benning, Georgia and obtained a statement from the Army showing the trace numbers of the military allotment sent to TB&W. That statement is attached as Exhibit 5.

19.

Previously, on September 9, 2009, Todd Blackburn had gone on the internet to obtain proof that his military allotment was being paid to TB&W. That is attached as Exhibit 6.

20.

Exhibits 5 and 6 were sent to Defendant by the Plaintiffs.

21.

On September 22, 2009, Samantha Blackburn obtained additional documentation from the Army stating that Todd's military allotment for August and September of 2009 was paid to TB&W.

22.

On September 22, 2009, Samantha Blackburn took this documentation to the Bank of America office in Columbus, Muscogee County, Georgia and spoke with Heather Smith. Heather Smith called Autry Gray with Bank of America at 1-(800)-669-6607 and was told to disregard notifications of being in default and that Bank of America would submit a payment request to TB&W which would take sixty to ninety days. The

handwriting in the typed documents was done by BOA employees. That documentation is attached as Exhibit 7.

23.

On November 19, 2009, BAC Home Loans Servicing, LP sent Todd Blackburn a letter in response to the documentation that Samantha Blackburn and Heather Smith of the Columbus, Georgia office of BOA had both sent to Autry Gray. BAC Home Loans Servicing, LP was asking Todd Blackburn to send a copy of his "cancelled check" as proof of payment, despite the fact that the Blackburns and the local BOA branch in Columbus, Georgia were both telling BAC Home Loans Servicing, LP that the payments were sent by military allotment. That letter is attached as Exhibit 8.

24.

On December 28, 2009, Todd Blackburn was sent another letter from BAC Home Loans Servicing, LP asking him to send in a copy of his cancelled check when Defendant knew that all payments to TB&W were made by military allotment. That letter is attached as Exhibit 9.

25.

On the same day, December 28, 2009, Todd Blackburn was sent a letter by BAC Home Loans Servicing, LP in response to his recent correspondence. In this letter, BAC Home Loans Servicing, LP promised to obtain the documentation "necessary to address your questions and concerns" and stated that they will do so within twenty business days. That letter is attached as Exhibit 10.

26.

During this time period and continuing for a year and one half thereafter, numerous phone calls were made by Todd Blackburn to the toll free ("800") numbers provided by Defendant in an effort to straighten out this situation.

27.

These calls were routed to persons outside of this country and absolutely no progress was made to resolve the issue. The conversations would include statements from BAC Home Loans Servicing, LP call representatives as to when Todd was going to make his payments.

28.

Sometime after July 30, 2010, Samantha took copies of Todd's earnings statements from July 31, 2009 to July 31, 2010 to the Columbus, Georgia BOA office and spoke with Fabien Smith. He faxed these documents to BAC Home Loans Servicing, LP and so did Samantha. Fabien Smith also called BAC Home Loans Servicing, LP's research department, and they told him this was all going to get straightened out right away. He relayed this to Samantha. Attached as Exhibit 11 is the documentation that both Samantha Blackburn and Fabien Smith faxed to BAC Home Loans Servicing, LP.

29.

This nightmare continued with Todd Blackburn making numerous, repeated phone calls to BAC Home Loans Servicing, LP explaining to them over and over that he had made all of his payments by military allotment to BAC Home Loans Servicing, LP.

30.

On February 20, 2011, Todd was sent a letter from BAC Home Loans Servicing, LP acknowledging Todd's request regarding the payments he had paid to TB&W. Here again, BAC Home Loans Servicing, LP is asking Todd to send them the front and back copy of his "check." That letter is attached as Exhibit 12.

31.

Despite all of Todd's and Samantha's efforts, Todd and Samantha through the date of the filing of this Complaint each month receive letters threatening foreclosure. Attached as Exhibit 13 are two of these letters.

32.

On March 9, 2011, Samantha emailed Fabien Smith of the Columbus, Georgia BOA office expressing her frustration with BAC Home Loans Servicing, LP always asking for a copy of Todd's cancelled check and bank statement when for eighteen months the Blackburns have been telling BAC Home Loans Servicing, LP the payments to TB&W were made by military allotment. Samantha also reiterated her concerns that this not appear on Todd's credit report. Samantha also told Fabien that they have had two more visits from Integrity Field Service employees. That email is attached as Exhibit 14.

33.

On March 14, 2011, Fabien Smith of the Columbus, Georgia BOA office emailed Samantha that he has talked to another BAC Home Loans Servicing, LP researcher and again told them that there is not a physical check that was sent to Defendant and that it was paid by military allotment and that Defendant had assured him that none of this

would appear on Todd's credit report and how putting it on his credit report could affect his security clearance. That email is attached as Exhibit 14.

34.

The Integrity Field Service employees referred to in Samantha's email to Fabien Smith of March 9, 2011 (Exhibit 14) are people sent by BAC Home Loans Servicing, LP to take pictures of Todd and Samantha's home.

35.

The first time known to Todd and Samantha that these people came upon their property was the day before Thanksgiving in 2010. Todd confronted a man named Rayburn Wilson on the Blackburns' property and almost got into a fight with him. Wilson said he worked for Integrity Field Services yet gave Todd a business card saying he was a salesman for Carl Gregory. Wilson had a camera and was taking pictures of the Blackburns' property. Attached as Exhibit 16 is a copy of that business card.

36.

Todd told Mr. Wilson that his business card did not show he worked for anyone but Carl Gregory. Todd was very concerned about this fellow snooping around his home and property secretly taking pictures.

37.

Mr. Wilson wrote on the back of his business card the name of his contact at Integrity Field Services and his phone number. That is attached as Exhibit 17.

38.

During the months following, BAC Home Loans Servicing, LP sent someone to come upon Todd and Samantha's property to take pictures. They would insert a piece of paper in the crack of their front door. Attached as Exhibit 18 is what the paper said.

39.

At all times BAC Home Loans Servicing, LP assured Todd and Samantha that nothing derogatory would appear on Todd's credit report. BAC Home Loans Servicing, LP understood how important it was to Todd both personally and professionally that nothing derogatory appear on his credit report.

40.

Plaintiffs justifiably relied on BAC Home Loans Servicing, LP's assurances that BAC Home Loans Servicing, LP would not report derogatory credit information about Todd Blackburn to the credit reporting agencies.

41.

As a result of their reliance on BAC Home Loans Servicing, LP's statements that nothing would be reported to the credit bureaus, Todd and Samantha took no further action to see to it that BAC Home Loans Servicing, LP did not report his alleged default status to the credit bureaus.

42.

On March 31, 2011, Todd ordered his credit reports from all three credit bureaus and learned that BAC Home Loans Servicing, LP had reported him two months delinquent ever since May of 2010.

43.

Todd's credit reputation has been damaged by BAC Home Loans Servicing, LP's false reporting to the credit bureaus.

44.

BAC Home Loans Servicing, LP has acted with malice and with knowledge that the information reported to the credit bureaus was false or with reckless disregard of whether it was false or not.

45.

Plaintiffs have suffered a great deal of mental stress from their eighteen month ordeal with BAC Home Loans Servicing, LP.

46.

Plaintiffs have suffered emotionally, physically and financially from this entire ordeal as a direct result of BAC Home Loans Servicing, LP's actions. Plaintiffs have expended time and money as a direct result of BAC Home Loans Servicing, LP's actions.

<u>COUNT ONE</u>

<u>FRAUD</u>

47.

BAC Home Loans Servicing, LP intentionally defrauded Todd and Samantha by misrepresenting facts to them on which they justifiably relied to their detriment.

48.

BAC Home Loans Servicing, LP misrepresented to Plaintiffs that it would not report derogatory information about Todd Blackburn to the credit reporting agencies.

That was a false statement in that BAC Home Loans Servicing, LP had reported Todd to the credit bureaus and continued to report him after making the false statement.

49.

The Blackburns reasonably relied on BAC Home Loans Servicing, LP's representations concerning reports to the credit bureau and refrained from taking further action against BAC Home Loans Servicing, LP to prevent the false reporting, to their detriment.

COUNT TWO

INTENTIONAL AND NEGLIGENT FAILURE TO EXERCISE DUE CARE IN SERVICING LOAN

50.

BAC Home Loans Servicing, LP intentionally as well as negligently failed to exercise due care in servicing the Blackburns' loan.

51.

BAC Home Loans Servicing, LP intentionally ignored the Blackburns' notice to BAC Home Loans Servicing, LP that they were not and had never missed making a mortgage payment.

52.

Despite being put on notice that BAC Home Loans Servicing, LP's information concerning the status of Plaintiff's loan was incorrect, BAC Home Loans Servicing, LP continued to harass the Plaintiffs with letters, threats, and reports to the credit bureaus.

COUNT THREE

RESPA VIOLATIONS

53.

BAC Home Loans Servicing, LP has failed to comply with Section 2605 of RESPA, making Defendant liable for all actual damages caused to Plaintiffs; including but not limited to emotional damages.

COUNT FOUR

DEFAMATION

54.

BAC Home Loans Servicing, LP is liable for its intentional and malicious defamation of Plaintiffs through reporting false information about Plaintiffs to the credit bureaus.

COUNT FIVE

TRESPASS

55.

BAC Home Loans Servicing, LP intentionally trespassed upon Plaintiffs' property when it had no right to invade Plaintiffs' property as Plaintiffs were not in default on their loan.

COUNT SIX

ATTORNEYS' FEES & EXPENSES

56.

BAC Home Loans Servicing, LP has acted in bad faith, has been stubbornly litigious, and has caused Plaintiffs unnecessary trouble and expense, entitling Plaintiffs to recover attorneys' fees and expenses under O.C.G.A. § 13-6-11.

COUNT SEVEN

PUNITIVE DAMAGES

57.

BAC Home Loans Servicing, LP is liable for punitive damages for its willful, malicious and reckless conduct and specific intent to cause harm to the Plaintiffs.

WHEREFORE Plaintiffs pray that they recover the following:

    (1)    Actual damages;

    (2)    Emotional damages;

    (3)    General damages;

    (4)    Damages to credit reputation;

    (5)    Expenses of litigation, including attorneys' fees;

    (6)    Punitive damages;

    (7)    Such other damages as are appropriate in this case;

    (8)    Trial by Jury.

This 11th day of July, 2011.

CHARLES A. GOWER, P.C.

/s/ *Charles A. Gower*
CHARLES A. GOWER
Georgia Bar No. 303500
TERESA T. ABELL
Georgia Bar No. 000383
MIRANDA J. BRASH
Georgia Bar No. 475203

1425 Wynnton Road
P. O. Box 5509
Columbus, GA  31906
(706)324-5685

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed "Plaintiffs' First Amendment to Complaint" with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Andrew G. Phillips, Esq.
McGuire Woods LLP
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, GA 30309-3534

This 11th day of July, 2011.

*s/ Charles A. Gower*
CHARLES A. GOWER
Georgia Bar No. 303500

1425 Wynnton Road
P.O. Box 5509
Columbus, Georgia 31906
(706) 324-5685