IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| TODD BLACKBURN and<br>SAMANTHA BLACKBURN,<br><br>    Plaintiffs,<br><br>v.<br><br>BAC HOME LOANS SERVICING, LP,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 4:11-CV-00039-CDL |

**DEFENDANT'S MOTION *IN LIMINE* AND BRIEF IN SUPPORT TO EXCLUDE ANY REFERENCE TO DAMAGES FOR BREACH OF CONTRACT, RESPA, AND CONVERSION BY SAMANTHA BLACKBURN**

Defendant Bank of America, N.A. ("BANA"), as successor by merger to BAC Home Loans Servicing, L.P. ("BANA"), by and through counsel, hereby submits this Motion *in Limine* and Brief in Support to exclude any evidence of damages pertaining to Samantha Blackburn's purported claims for breach of contract, Real Estate Settlement Procedures Act ("RESPA"), and conversion because Samantha Blackburn (1) lacks standing to bring such claims against BANA and (2) she failed to allege the elements necessary to state a claim against BANA.

**I.    INTRODUCTION**

Samantha Blackburn lacks standing to bring a claim against BANA for breach of contract, RESPA, and conversion. Even if Samantha Blackburn had standing to bring those claims against BANA – which she does not - Samantha Blackburn still failed to state a claim against BANA. Samantha Blackburn did not sign the Note, she has no legal obligation to make payments pursuant to the Note which is signed only by Todd Blackburn, and BANA would have no right to institute collection proceedings against her in event that the Note is breached. (Am.

Compl. 9; Ex. 33.)  Further, Samantha Blackburn cannot recover under a purported RESPA claim arising from a letter that she did not author regarding an account to which she is not a party.  Samantha Blackburn's conversion claim likewise fails because she did not allege that her money was purportedly converted; instead, Todd Blackburn alleged that the money came directly from his own military allotment and was paid to an obligation that only he owed.  All evidence pertaining to any damages that Samantha Blackburn purportedly suffered arising out of these claims should be excluded because it is irrelevant.  Furthermore, any probative value the evidence may have is substantially outweighed by considerations of undue prejudice, confusion of the issues, undue delay, and waste of time.  As a result, BANA respectfully requests an Order excluding this evidence as irrelevant, prejudicial, and inadmissible.

## II.    ARGUMENT

As part of the Court's inherent authority to manage trials, the Court may exclude evidence pursuant to motions *in limine*.  *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984).  The purpose of motions *in limine* is "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial."  *Palmieri v. Defaria*, 88 F.3d 136, 141 (2nd Cir. 1996) (quotations omitted).

Only relevant evidence is admissible at trial.  *See* Fed. R. Evid. 402.  Evidence is relevant only when it has the "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  A district court has wide discretion in determining the relevance of evidence produced at trial.  *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1161 (11th Cir. 2005); *U.S. v. Kpituk*, 690 F.2d 1289, 1319-20 (11th Cir. 1982).

Even when relevant, evidence is inadmissible when its probative value is substantially outweighed by the dangers of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. *See* Fed. R. Evid. 403. "Unfair prejudice" is prejudice that damages an opponent for reasons other than its probative value, for instance, an appeal to emotion. *See Steger v. GE*, 318 F.3d 1066, 1079 (11th Cir. 2003).

This Court's ruling on a motion *in limine* is reviewed for an abuse of discretion. *Mercado v. City of Orlando*, 407 F.3d 1152, 1156 (11th Cir. 2005). The Court's ruling on the admissibility of evidence is also reviewed for an abuse of discretion. *United States v. Gold*, 743 F.2d 800, 815 (11th Cir. 1984). "The decision to admit or to exclude evidence is a matter for the sound discretion of the trial judge . . ." *Id.*

### A. Evidence of Samantha Blackburn's Purported Damages Arising Out of Claims for Breach of Contract, RESPA, and Conversion Should Be Excluded Under Federal Rule of Evidence 402 Because it is Not Relevant to This Action

Evidence of Samantha Blackburn's purported damages arising out of the claims for breach of contract, RESPA, and conversion should be excluded by the Court as irrelevant.

Evidence is relevant if it has a "tendency to make a fact more or less probable than it would be without the evidence *and* the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). It is axiomatic that evidence at trial relating to substantive claims (or damages flowing from such claims) that have either been dismissed or will not be decided at trial is irrelevant, and thus may not be proffered at trial. *See, e.g., Barnes v. Zaccari*, No. 7:12-cv-89 (HL), 2013 U.S. Dist. LEXIS 6354, at *4 (M.D. Ga. Jan. 16, 2013) (court granted motion *in limine* to exclude evidence at trial related to claims that had been dismissed earlier in the case); *see also Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, No. 1:04-CV-1082-

3

TWT, 2006 U.S. Dist. LEXIS 42891, at *12-15 (N.D. Ga. June 14, 2006); *Jones v. N.Y. City Health & Hosp. Corp.*, No. 00 Civ. 7002, 2003 U.S. Dist. LEXIS 9014, at *2 (S.D.N.Y. May 29, 2003); *DeSanto v. Rowan Univ.*, 224 F. Supp. 2d 819, 826 (D.N.J. 2002); *Washington v. Orleans Parish Sch. Bd.*, No. 01-1863, 2002 U.S. Dist. LEXIS 10085, *3 (E.D. La May 24, 2002).

Evidence concerning Samantha Blackburn's purported damages arising from the breach of contract, RESPA, and conversion claims is not relevant to the factual record and issues presented in this case. The only claim brought against BANA for which Samantha Blackburn has standing and for which she has stated a claim is trespass. Upon information and belief, Samantha Blackburn intends to testify that as a result of the purported conversion claim, she took sleeping pills, suffered a loss of sleep, suffered emotional distress, dealt with weight loss and weigh gain, had arguments with her husband, took time away from work, made visits to the local BANA branch, and "almost had her marriage ruined." Upon information and belief, Samantha Blackburn will testify that as a result of the alleged trespass claim, she suffered emotional distress as a result of having someone look through her window while her husband was away from home. While Samantha Blackburn's damages arising out of the claim for trespass are admissible in this case, the damages arising out of the conversion claim are improper and should be excluded as irrelevant. *Id*. Any alleged damages arising out of Samantha Blackburn's purported claims for breach of contract and RESPA should also be excluded as irrelevant. *Id.* While relevant evidence is generally admissible, evidence that does not have any probative value is not relevant and must be excluded pursuant to Rule 402. Accordingly, the Court should exclude all evidence pertaining to Samantha Blackburn's purported damages except those related to the trespass claim.

### B. Even if Relevant, Evidence of Samantha Blackburn's Purported Damages Arising out of Claims That She Has No Standing to Bring Should be Excluded Under Rule 403's Balancing Test

Even if relevant, the evidence concerning Samantha Blackburn's damages related to causes of action that she has no standing to bring should be excluded because any probative value is substantially outweighed by the dangers of unfair prejudice. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The jury in this case will undoubtedly be confused if Samantha Blackburn is permitted to introduce testimony regarding purported damages for claims that she has no standing to bring. Upon information and belief, Samantha Blackburn intends to present evidence regarding a whole host of damages discussed above, relating to emotional distress arising from the conversion claim. Notably, however, Samantha Blackburn does not have standing to bring the claim against BANA. Nor does Samantha Blackburn have standing to bring a claim against BANA for breach of contract or RESPA arising out of a contract and an account to which she is not a party. Permitting Samantha Blackburn to introduce such evidence would confuse the jury and wrongfully attempt to appeal to their emotions about what damages Samantha Blackburn is actually entitled to recover under the law. It would unfairly prejudice BANA if Samantha Blackburn is permitted to introduce inflammatory damages that are unrelated to any claims against BANA. Further, it will cause unnecessary delay and wasting the jury's time on issues that are not properly before them.

### III.  CONCLUSION

In conclusion, BANA respectfully requests that the Court prohibit Plaintiffs from introducing evidence, whether through argument or testimony, regarding Samantha Blackburn's purported damages arising out of the claim for breach of contract, RESPA, and conversion at the trial of this matter.

This 29th day of January, 2013.

        /s/ Andrew G. Phillips
Andrew Phillips
Georgia Bar No. 575627
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5724 (telephone)
(404) 443-5773 (facsimile)
aphillips@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A.*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| TODD BLACKBURN and<br>SAMANTHA BLACKBURN,<br><br>    Plaintiffs,<br><br>v.<br><br>BAC Home LOANS SERVICING, LP,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 4:11-CV-00039-CDL |

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2013, I electronically filed the foregoing *DEFENDANT'S MOTION IN LIMINE AND BRIEF IN SUPPORT TO EXCLUDE ANY EVIDENCE PERTAINING TO SAMANTHA BLACKURN'S EMOTIONAL DISTRESS DAMAGES ASIDE FROM THOSE ARISING OUT OF THE TRESPASS CLAIM* with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

                                        /s/ Andrew G. Phillips
                                        Andrew G. Phillips